J.S13036/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHONTEE D. LATHAM, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1234 WDA 2015 |

Appeal from the PCRA Order June 12, 2015
in the Court of Common Pleas of Lawrence County Criminal Division
at No(s): CP-37-CR-0001332-2007

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 29, 2016**

Appellant, Shontee D. Latham, appeals from the order entered in the Lawrence County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition after a hearing.  Appellant contends his trial counsel was ineffective by not informing him that the Commonwealth amended the information prior to trial.  We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion.  PCRA Ct. Op., 6/12/15, at 1-4.  The affidavit of probable cause stated Appellant used a firearm to rob the victims.  Aff. of Probable Cause, 11/26/07, at 4.  We quote the original information as follows:

Count: 1 Robbery-Take Property Fr Other/Force – (F3)

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Offense Date: 11/14/2007        18 §3701 §§A1V

In the course of committing a theft, inflicted serious bodily injury upon another; and/or threatened another with, or intentionally put another in fear of, immediate serious bodily injury; and/or committed or threatened to immediately to commit a felony of the first or second degree; and/or inflicted bodily injury upon another, or threatened another with or intentionally put another in fear of immediate serious bodily injury; and/or physically took or removed property from the person of another by force however slight, namely [victims].

Information, 12/11/07, at 1.

At Appellant's January 8, 2008 arraignment, the court charged Appellant with third-degree robbery, and essentially reiterated the above information. N.T. Arraignment Hr'g, 1/8/08, at 2-3. Appellant filed an omnibus motion to, *inter alia*, suppress evidence. At the June 5, 2008 hearing on Appellant's motion, one of the victims identified Appellant as carrying two firearms during the robbery. N.T. Suppression Hr'g, 6/5/08, at 6.

At some point prior to October 31, 2008, the Commonwealth made a plea offer to Appellant: plead guilty to 18 Pa.C.S. § 3701(a)(ii) robbery, a first-degree felony, in exchange for a sentence of four to eight years' imprisonment. N.T. PCRA Hr'g, 1/29/15, at 16. Appellant's counsel presented the plea offer to Appellant, who rejected it on the basis that he was not the culprit. *Id.* at 15.

On October 31, 2008, the Commonwealth filed an amended information:

> The actor did intentionally, knowingly or recklessly in the course of committing theft, threaten or intentionally put in fear of immediately serious bodily injury [the victims] in that he did, namely during an armed ronbbery [sic] the actor went inside the Dollar General store with a loaded gun, pointed the gun at the victim's [sic] who are employees at the said store and demanded money, all of which constitutes robbery, a felony of the first degree, in violation of Section 3701(a)(1)(ii) of the Crimes Code [18 Pa.C.S.A. 3701(a)(1)(ii)].

First Am. Information, 10/31/08, at 1 (some capitalization omitted and second alteration in original). Trial counsel testified she did not recall whether she discussed the amended information with Appellant.

A jury trial commenced on November 12, 2008. Appellant's defense was that he was not the culprit. *See, e.g.*, N.T. PCRA Hr'g, 1/29/15, at 13; N.T. Trial, 11/12/08, at 123-25. Appellant was found guilty, and this Court affirmed on direct appeal. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 24, 2010.

Appellant, *pro se*, timely filed his first PCRA petition on September 1, 2011. Counsel was appointed, who filed an amended petition on September 7, 2012. After an evidentiary hearing at which Appellant's trial counsel, among others, testified, the PCRA court denied Appellant's petition on June 12, 2015. Appellant timely appealed on Monday, July 13, 2015. *See* 1 Pa.C.S. § 1908.

On July 17, 2015, the court ordered Appellant to comply with Pa.R.A.P. 1925(b) within twenty-one days. The court served the order on Appellant's counsel via fax on July 17, 2015, at 10:36 a.m. Appellant filed his Rule 1925(b) statement on Tuesday, August 11, 2015, at 2:12 p.m., four days after the twenty-one day deadline lapsed. The Rule 1925(b) statement includes a certificate of service averring that it was mailed via U.S. mail on August 5, 2015, to the PCRA judge and the district attorney. The docket also includes an entry stating counsel faxed his Rule 1925(b) statement to the court on August 5, 2015. The certified record, however, does not include that fax or any "United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form," as referenced in Pa.R.A.P. 1925(b)(1). Also on August 11, 2015, at 2:12 p.m., the court filed an order indicating it reviewed Appellant's Rule 1925(b) statement and relied on its prior opinions as satisfying the requirements of Rule 1925(a). Assuming that Appellant filed his Rule 1925(b) statement late, we decline to find waiver; we additionally note the court indicated it reviewed the Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*) (holding untimely filing of Rule 1925(b) statement by counsel is *per se* ineffective assistance of counsel). The PCRA court's Rule 1925(a) decision adopted its prior June 12, 2015 opinion.

Appellant raises the following issue:

Whether Appellant is entitled to post-conviction collateral relief where trial and post-trial counsel were ineffective in failing to object to the unlawful amendment of the information at the lower court proceedings, and that ineffectiveness in the truth-determining process was such that no reliable adjudication of guilt or innocence could have taken place?

Appellant's Brief at 2.

Appellant argues that if he was informed of the amended information, "he would have approached the case differently." *Id.* at 5. He contends the amendment changed the charges of robbery and conspiracy as third-degree felonies to first-degree felonies. Appellant insists he was not aware of the amended information until the day of sentencing. He submits that the district attorney never moved the court for permission to amend the information, the court never granted permission, and he was never arraigned on the amended charges. Appellant maintains that trial counsel's failure to object to the amended information or notify him of the change affected the outcome of the case. We hold Appellant is due no relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted).

[C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must

- 5 -

prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

***Commonwealth v. Perry***, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted). We can affirm on any basis. ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

With respect to amending the information, we are guided by the following:

Rule [564] of the Pennsylvania Rules of Criminal Procedure provides:

The court may allow an information to be amended when there is a defect in form, the description of the offense[(s)], the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment[,] the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. [564].

The purpose of Rule [564] is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. In reaching this goal, this court has held:

The courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant

is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001)

(some citations omitted).

Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. Factors that we must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1223 (Pa. Super. 2006)

(citations omitted).

To the extent the amended information charges an offense "carrying a greater potential penalty and whose elements are theoretically different," our courts nonetheless apply Rule 564

with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of procedural rules. Therefore, this court had stressed that "we look more to substantial justice than to technicalities" when reviewing the validity of an amended information.

*Commonwealth v. Grekis*, 601 A.2d 1284, 1288-89 (Pa. Super. 1992) (footnote and citation omitted).

In *Commonwealth v. Brown*, 727 A.2d 541 (Pa. 1999), our Supreme Court examined whether a defendant suffered prejudice when the original information charged rape and involuntary deviate sexual intercourse ("IDSI") by forcible compulsion and the amended information—filed immediately prior to trial—charged rape and IDSI with an unconscious person. *Id.* at 542. The *Brown* Court initially concluded that the amended information introduced new offenses because the new charges of rape and IDSI with an unconscious person did not require proof of force by the defendant. *Id.* at 544. Therefore, our Supreme Court held the amended information violated Rule 564. *Id.*

Our Supreme Court next examined whether the violation of Rule 564 prejudiced the defendant

by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. At the outset of this analysis, we note that, based on the original charges, [the defendant] had every reason to expect that the Commonwealth would be attempting to establish that the victim was **conscious** during the sexual encounter. It would be virtually impossible for the Commonwealth to meet its burden of establishing that [the defendant] used

- 8 -

physical force, a threat of physical force, or psychological coercion against the victim if the Commonwealth did not first establish that the victim was conscious. Assuming the Commonwealth could establish that the victim was conscious, [the defendant's] primary line of defense would have been that she consented to the encounter. When the Commonwealth shifted the focus of its case to proving that the victim was **unconscious**, the Commonwealth vitiated [the defendant's] primary line of defense, since consent is not a defense to the charges of Rape and/or IDSI with an unconscious person. Therefore, by varying the information at the eleventh hour, the Commonwealth rendered [the defendant's] primary defense a nullity.

*Id.* (citations omitted). The ***Brown*** Court thus reversed the defendant's convictions of rape and IDSI of an unconscious person. *Id.* at 545.

The relevant subsections of the robbery statute follow:

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \*

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

\* \* \*

(v) physically takes or removes property from the person of another by force however slight; . . . .

18 Pa.C.S. § 3701.

Assuming, without holding, that subsection (ii) robbery carries a greater penalty and requires proof different from subsection (v) robbery, ***see Grekis***, 601 A.2d at 1288-89, and that counsel failed to apprise Appellant of the amended information, we ascertain whether Appellant

suffered prejudice. *See Brown*, 727 A.2d at 544. Initially, the crimes in Appellant's original and amended information derive from the same facts. *See Davalos*, 779 A.2d at 1194. Appellant, moreover, has been aware of his alleged use of a firearm since the inception of this case. *See* Aff. of Probable Cause at 4; N.T. Suppression Hr'g at 6. Unlike the defendant in *Brown*, the amended information did not prompt Appellant to change his defense, as his sole defense was that he was not the culprit, which, if successful, would have exculpated him on both the original and substituted charges. *See, e.g.*, N.T. Trial at 123-25; *cf. Brown*, 727 A.2d at 544; *Sinclair*, 897 A.2d at 1223. Also unlike *Brown*, the Commonwealth's request for amendment occurred twelve days prior to trial, which provided sufficient pretrial notice and preparation. *Cf. Brown*, 727 A.2d at 543; *Sinclair*, 897 A.2d at 1223. Finally, Appellant, prior to trial, rejected an offer to plead guilty to robbery, graded as a first-degree felony, which belies his protestation that he was unaware of the first-degree grading. *See generally Sinclair*, 897 A.2d at 1223. After careful consideration of all the *Sinclair* factors, and recognizing our commitment to do justice, we discern no basis for relief assuming counsel erred by not objecting to the amended information. *See Sinclair*, 897 A.2d at 1223; *Grekis*, 601 A.2d at 1288-89. Similarly, assuming counsel failed to apprise Appellant of the amended information, Appellant failed to establish prejudice based on the foregoing. *See Sinclair*, 897 A.2d at 1223; *Grekis*, 601 A.2d at 1288-89. The

underlying claim lacks arguable merit and thus we affirm the PCRA court, albeit on other grounds.  **See Clouser**, 998 A.2d at 661 n.3; **Perry**, 959 A.2d at 936.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS

VS.   :   LAWRENCE COUNTY, PENNSYLVANIA

SHONTEE LATHAM   :   NO. 1332 OF 2007, CR.

  :   OTN:

## ORDER OF COURT

AND NOW, this /2ᵗʰ day of June, 2015, for the reasons set forth in the accompanying Opinion of even date herewith, it is ORDERED, ADJUDGED and DECREED that Defendant's Motion for Post-Conviction Collateral Relief is DENIED in its entirety.

The Defendant is advised that he has the right of appeal from this decision and any appeal must be filed within 30 days of this date or the right to file will be lost. The Defendant is also advised that he has the right to counsel in filing such appeal and if he is financially unable to employ counsel, counsel will be appointed to represent the Defendant at no cost to him.

BY THE COURT:

Dominick Motto, P.J.

med

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

FILED/ORIGINAL

2015 JUN 12 P 1: 44

HELEN I. MORGAN




COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

VS. : LAWRENCE COUNTY, PENNSYLVANIA

SHONTEE LATHAM : NO. 1332 OF 2007, CR.

: OTN: K662932-4

## APPEARANCES

For the Commonwealth: Jonathan R. Miller, Esquire
Assistant District Attorney
430 Court Street
New Castle, PA 16101

For the Defendant: Ross T. Smith, Esquire
Huntington Bank Building
26 Market St., Suite 610
Youngstown, OH 44503

## OPINION

MOTTO, P.J. June 12, 2015

Before the Court for disposition is the Defendant's Amended Petition for Post-Conviction Collateral Relief brought pursuant to the Post-Conviction Collateral Relief Act, 42 Pa.C.S.A. §9541 et.seq., ("PCRA"). In this amended petition Defendant asserts that he was denied effective assistance of counsel where prior trial and post-trial counsel failed to raise the issue of police not having probable cause to stop Defendant's vehicle or arrest Defendant; failed to present evidence during the trial that when the police arrived at the Dollar General Store the robbery was still in progress; failed to suppress the identification testimony of witness Ashley Kahne; and failed to object to the Commonwealth amending the information prior to trial. The sole issue before the court for is whether both trial counsel and post-trial counsel were ineffective in failing to object to the

FILED/ORIGINAL

2015 JUN 12 P 1: 44

HELEN I. MORGAN
PRO ANDICLEDK

Commonwealth amending the information prior to trial. The Court will deny Defendant's Amended Petition for Post-Conviction Collateral Relief because the Court finds the issue is totally devoid of merit and trial counsel and post-trial counsel cannot therefore be held to have been ineffective for failure to raise such issue.

Following a jury trial, Defendant was found guilty of and sentenced on charges of Robbery, a violation of §3702(a)(1)(ii) of the Crimes Code, Conspiracy to Commit Robbery, a violation of §903 of the Crimes Code and two counts of Recklessly Endangering Another Person, a violation of §2705 of the Crimes Code. Defendant was sentenced on the above charges to an aggregate term of imprisonment of not less than 9 years nor more than 18 years in a state correctional institution. Following sentencing, and with substitute counsel, Defendant timely filed a Motion for Post-Sentence Relief in the form of a Motion in Arrest of Judgment, Motion for Judgment of Acquittal and a Motion for a New Trial in which he presented eighteen issues of alleged error, many of which involved allegations of ineffective assistance of counsel. The ineffective assistance claims were addressed by this Court on Defendant's Motion for a New Trial. The Supreme Court of Pennsylvania has held that generally "a practitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Commonwealth v. Grant, 813 A.2d 726. 738 (Pa.2002); however, in Commonwealth v. Watson, 835 A.2d 786 (Pa.Super. 2003), the Superior Court held that on a direct appeal of an ineffective

FILED/ORIGINAL

2015 JUN 12 P 1: 44

HELEN I. MORGAN
PRO AND CLERK

assistance of counsel claim, where the issues were presented to and addressed by the trial court, the appellate court will apply the same standard used to review ineffective assistance of counsel claims under the Post-Conviction Relief Act (PCRA). Here, following a hearing on Defendant's Post-Trial Motions with new counsel in which pre-trial and trial counsel testified, the Court issued an Order and Opinion dated May 12, 2009, in which this Court analyzed the record and denied all of Defendant's Motions for Post-Sentence Relief and all supplements thereto. The Defendant appealed. The Pennsylvania Superior Court affirmed the decision of this Court by Memorandum Opinion dated May 21, 2010.

On September 6, 2011 Defendant filed a Motion for Post-Conviction Collateral Relief, resulting in appointment of new counsel to represent the Defendant. Court appointed counsel filed an Amended Petition for Post-Conviction Collateral Relief on September 7, 2012 raising fours claims of ineffective assistance of counsel. The amended petition raised the identical claims of ineffectiveness of prior counsel for failing to raise the issue of police not having probable cause to stop Defendant's vehicle or arrest Defendant, failing to present evidence during the trial that when the police arrived at the Dollar General Store the robbery was still in progress, and failing to suppress the identification testimony of witness Ashley Kahne as well as the additional issue of ineffectiveness for failing to object to the Commonwealth amending the information prior to trial. The Commonwealth moved to dismiss

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

the amended petition on the basis that all of the Defendant's claims have been previously litigated.

Post conviction review is not available as to issues which had been previously litigated on direct review. Commonwealth v. Hutchins, 760 A.2d 50 (Pa.Super. 2000). A petitioner is not entitled to post-conviction relief on an issue that was finally litigated in direct appeal. Commonwealth v. McGriff, 432 Pa.Super. 467, 638 A.2d 1032 (1994). In Commonwealth v. Eaddy, 419 Pa.Super. 48, 614 A.2d 1203 (1992), app. Den. 534 Pa. 636, 626 A.2d 1155, the Superior Court held that the Defendant was not eligible for relief under the PCRA on the issue of the sufficiency of evidence to support an aggravated assault conviction where the issue had previously been litigated in the Superior Court, which is the highest appellate court in which the defendant has review as a matter of right. The burden of proof is on the defendant to show that the issues raised in his PCRA petition have not been previously litigated. Commonwealth v. Ragan, 560 Pa. 106, 743 A.2d 390 (1999).

By Order dated April 30, 2014, this Court granted Commonwealth's motion to dismiss all issues except counsel's failure to object to the Commonwealth amending the Information prior to trial because the issues were previously litigated on Defendant's Motion for a Post-Sentence Relief and subsequent appeal to the Superior Court, and cannot be re-litigated as part of the Defendant's post-conviction proceeding. The sole remaining issue of whether Defendant is entitled to post-conviction collateral relief because trial and post-trial counsel were

FILED/ORIGINAL

2015 JUN 12 P 1: 44

HELEN I. MORGAN
PRO AND CLERK

ineffective in failing to object to the Commonwealth amending the information prior to trial must be denied because the claim is without merit.

In order to be eligible for relief, Defendant must prove that the conviction resulted from the ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. §9543(a)(2)(ii). The burden of proof lies with the Defendant to establish by a preponderance of the evidence a basis for relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. §9541, et.seq. Commonwealth v. Rowe, 411 Pa.Super. 363, 601 A.2d 833 (1992). There is a presumption that counsel has acted effectively. Commonwealth v. Miller, 494 Pa. 229, 431 A.2d 233 (1981). In order to show ineffective assistance of counsel which has so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. a post-conviction petition must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that, but for the errors and omissions of counsel, there is reasonable probability that the outcome of the proceedings would have been different. Commonwealth v. Rivers, 567 Pa. 239, 786 A.2d 923 (2001).

Defendant argues that trial and post-trial counsel were ineffective in failing to object to amending the information prior to trial. More specifically, Defendant argues that he was

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

not notified about the amended information until the time of sentencing. Defendant contends that he suffered prejudice from the amendment and had he been advised that the information was amended he would have approached the case differently. On December 11, 2007 the original information was filed charging Defendant with Robbery, 18 Pa.C.S. §3701(a)(1)(v), Criminal Conspiracy, 18 Pa.C.S. §903(a)(1), and three counts of Recklessly Endangering Another Person, 18 Pa.C.S. §2705. On January 23, 2008 Defendant's counsel filed an Omnibus Pre-trial motion and Petition for Habeas Corpus. After a hearing, the Court denied Defendant's Motion for Omnibus Pre-trial Relief and Petition for Habeas Corpus by Opinion and Order dated September 25, 2008. On October 31, 2008 the Commonwealth filed an amended information with the Clerk of Courts. The amended information changed the original charge of Robbery, 18 Pa.C.S. §3701(a)(1)(v), a felony of the third degree, to Robbery, 18 Pa.C.S. §3701 (a)(1)(ii), a felony of the first degree, and also changed the charge of Criminal Conspiracy, 18 Pa.C.S. §903(a)(1), from a felony of the third degree to a felony of the first degree. Defendant was found guilty on all charges after a trial by jury on November 12, 2008. Defendant contends that he was not made aware of the amended information until the sentencing hearing on January 7, 2009. Defendant argues that the Commonwealth never motioned the Court at any time for permission to amend the information nor is there an Order of Court granting the Commonwealth permission to amend the information. Thus, Defendant argues that his conviction of



these charges on the amended information was a direct result of trial counsel's ineffectiveness. More specifically, Defendant argues that prior trial and post-trial counsel failed to object to the amended information and failed to notify Defendant that the information was amended. Defendant contends that prior counsel's ineffectiveness in failing to object to or notify the Defendant of the amended information would have affected the outcome of the case because Defendant would have made an informed decision about whether to accept a negotiated plea agreement or proceed to trial. Therefore, Defendant is entitled to post-conviction collateral relief.

Pennsylvania Rule of Criminal Procedure 560 provides:

Rule 560. Information: Filing, Contents, Function.

(A) After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

\*\*\*

(C) The information shall contain the official or customary citation of the statue and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

According to the Pennsylvania Rule of Criminal Procedure 564, after the Information is issued:

The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interest of justice.

FILED/ORIGINAL

2015 JUN 12 P 1: 44

HELEN I. MORGAN
PRO AND CLERK

7

The purpose of the above Rule is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is un-informed. Commonwealth v. Davalos, 779 A.2d 1190, 1194 (Pa.Super. 2001). The test to be applied is:

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

Id. (citing Commonwealth v. Stanley, 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979)).

In reviewing a grant to amend an information, this Court will look to determine whether the defendant is fully apprised of the charges against him. Where the crimes specified in the original information involve the same basic elements and arose out of the same factual situation as the crimes specified in the amended information, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results. Commonwealth v. Stanley, supra. Further, if there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial. Commonwealth v. Womack, 307 Pa.Super. 396, 453 A.2d 642 (1982). Finally, the mere possibility amendment of an information may result in a more severe penalty due to the

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

addition of charges is not, of itself, prejudice. Commonwealth v. Lawton, 272 Pa.Super. 40, 414 A.2d 658 (1979); Commonwealth v. Jones, 319 Pa.Super. 570, 466 A.2d 691 (1983).

In the present case, neither additional charges nor a different set of events were added to the information. Rather, the offenses set forth in the amendments involved the same basic elements and the same factual situations as specified in the original information. The original information charged the defendant with Robbery, 18 Pa.C.S. §3701(a)(1)(v), physically takes or removes property from that person of another by force however slight, a felony of the third degree. The amended information changed the Robbery charge to subsection 3701(a)(1)(ii), threatens another with or intentionally puts him in fear of immediate serious bodily injury, and changed the grading for a third degree felony to a felony of the first degree. As a result of the grading change on the Robbery charge, the amended information changed the grading of the Criminal Conspiracy charge from a third degree felony to a felony of the first degree. At the evidentiary hearing on Defendant's Motion for Post-Conviction Collateral Relief, trial counsel testified that while the amended information changed the subsection under which the defendant was changed that the language of the charge on the original information reflected the elements of the offense under §3701(a)(1)(ii) rather than §3701(a)(1)(v). According to trial counsel, the language included on the original information did not change when the information was amended, therefore, it was her belief that even

FILED/ORIGINAL

2015 JUN 12 P 1: 44

9

HELEN I. MORGAN
PRO AND CLERK

though the original information charged the defendant with a third degree felony under §3701(a)(1)(v), the factual basis for the offense on the original information were actually the language of a first degree felony under §3701(a)(1)(ii) which includes threatening to inflict serious bodily injury. As a result, when the Commonwealth made the oral motion to amend the information to reflect the new subsection and grading on the Robbery and Criminal Conspiracy charges trial counsel did not object because in her opinion it was a formality to change the subsection under which defendant was charged and had no effect on the language used in describing the factual basis of the offense since the elements of §3701(a)(1)(ii) were included in the original information and defendant was on notice of what the Commonwealth intended to prove at trial. Trial counsel testified that she was aware that the Commonwealth made an oral motion to amend the information and that she had no objection to the amendment because the language put forth in the amended information outlining the factual basis of what the Commonwealth intended to prove was identical to that used in the original information, therefore, her client was not prejudiced by the amendment. Following the standards enunciated in Commonwealth v. Stanley, supra. this court finds no prejudice to defendant where the amended information reflects the identical factual basis and the elements thereof arose out of the identical scenario and involved the identical victims. Amendment of the information in this case did not change the basis of the Robbery and Criminal Conspiracy charges against defendant. Here,

FILED/ORIGINAL

2015 JUN 12 P 1: 44
10
HELEN I. MORGAN
PRO AND CLERK

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

defendant had ample notice of the factual basis for the charges against him. As such, defendant's claim of ineffective assistance of counsel on this basis is without merit.

Defendant also claims he was prejudiced by the failure of the Commonwealth to provide a written amendment directly to him. Given the foregoing facts that defendant was represented by counsel and counsel had no objection to the amended information this Court finds that there was no need to personally provide defendant with an amended information because he was represented by counsel, and, therefore, there was no prejudice to defendant. Furthermore, the plea offer tendered by the Commonwealth before the trial was for a plea of guilty to Robbery §3701(a)(1)(ii), a felony of the first degree. Trial counsel testified that she was aware that the plea offer was made to a subsection not listed on the information but the factual basis for the plea was identical to that on the information. Trial counsel testified that she was aware the plea offer was actually based on §3701(a)(1)(ii) which is a first degree felony and she had no objection because the factual basis for the charge did not change. Trial counsel stated that the information was formally amended after the plea offer was made by the Commonwealth and she had no objection to the amendment because although the grading changed, the factual basis remained the same and she believed the amendment did not legally prejudice the defendant.

Defendant argues that had he known about the amendment prior to trial he would have approached the case differently. The Court finds that even if the amended information had not

FILED/ORIGINAL

2015 JUN 12 P 1:44
11
HELEN I. MORGAN
PRO AND CLERK

been communicated to defendant, the defendant was not prejudiced because he was not in a position to plead guilty, having consistently maintained his innocence of the crimes charged. At the hearing, trial counsel stated that from the beginning of the case defendant informed her that that he did not commit the crimes he was charged with and he was not willing to accept any plea offer. Throughout the proceedings in this case the defendant always maintained his innocence and claimed that he was not the person who robbed the Dollar General store and he did not conspire with anyone who did. Because the defendant has maintained his innocence throughout this case he has not shown how he was prejudiced by the amendment to the information. As stated in Commonwealth v. Taylor, 933 A.2d 1035 (Pa.Super. 2007) reargument denied, appeal denied, 951 A.2d 1163, 597 Pa. 715, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. The Court finds defendant's claim to be without merit. The Defendant has failed to show that counsel was ineffective, that the underlying claim possessed legal merit or that he was prejudiced as the result of counsel's action or inaction.

Defendant also asserts that post-trial counsel was ineffective for failing to object to the amended information at the time of sentencing and failing to raise an ineffective counsel claim against trial counsel when he began representing Defendant. Post-trial counsel will not be considered ineffective for failing to pursue meritless claims. The Court has found that trial counsel was not ineffective in her

representation of the Defendant and, therefore, subsequent counsel cannot be found ineffective for failing to pursue a meritless claim. Accordingly, Defendant's claim that post-trial counsel was ineffective for failing to file an ineffective assistance of counsel claim against prior counsel is without merit. Thus, defendant is not entitled to Post-Conviction Collateral Relief based on prior trial and post trial counsel's ineffective assistance.

For the foregoing reasons, the Court concludes that the defendant has failed to prove ineffective assistance of trial and post-trial counsel and that the underlying claims asserted by the defendant are in fact meritless. Therefore, Defendant's Amended Petition for Post-Conviction Collateral Relief will be DENIED.